UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TEDDY T. WHEELER, JR.,

                Plaintiff,

  -against-                                  1:06-CV-1063
                                                    (LEK/DRH)

PRUDENTIAL FINANCIAL, INC.,

                Defendant.

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

Plaintiff Teddy Wheeler, Jr. ("Plaintiff" or "Wheeler") brought suit under Employee Retirement Income Security Act ("ERISA") against Defendant Prudential Financial, Inc. ("Defendant" or "Prudential"), the fiduciary of a long term disability policy ("policy") covering Plaintiff, through his employer Grand Prix Jeep Chrysler, LLC. Complaint (Dkt. No. 1) at ¶¶ 4-5. Plaintiff alleges that he became disabled while the policy was in full force and effect and is accordingly entitled to benefits. Plntf's Mem. of Law (Dkt. No. 5) at 1.

Currently before the Court is Defendant's Motion to dismiss Plaintiff's Complaint. Defendant alleges that Plaintiff failed to exhaust his administrative remedies and, additionally, that the claim is preempted under ERISA. Motion to dismiss (Dkt. No. 3) at 1.

---

[1] For printed publication by the Federal Reporters.

1

## II. Discussion

A.     Standard of Review

For the purposes of ruling on a motion to dismiss, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). Dismissal is appropriate only where "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (quoting Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)).

B.     Failure to Exhaust

Before a plan participant can litigate under ERISA, he or she must exhaust the claim procedures in place. Eastman Kodak Co. v. STWB, Inc., 452 F.3d 215, 219 (2d Cir. 2006). Here, the parties dispute whether or not these procedures were exhausted. Defendants argue that the written policy requires at least two administrative appeals to Defendant before litigation can be instituted. Deft's Mem. of Law (Dkt. No. 3, Attach. 3) at 2-3. According to both parties, Plaintiff filed one appeal to Defendant, which was denied. Id. at 3; Plntf's Mem. of Law (Dkt. No. 5) at 2. In response to Plaintiff's first request for appeal, Defendant sent a letter, dated June 28, 2006, which explained that Defendant had upheld the decision to deny Plaintiff's long term disability benefits. Letter (Dkt. No. 4, Ex. C). The letter states:

> "Since you have now completed the first level of appeal, you may file a lawsuit under the Employee Retirement Income Security Act (ERISA). ERISA allows you to file suit for policy benefits and reasonable attorney's fees. Your decision on whether to file a second appeal will not affect your right to sue under ERISA."

Id.

2

Despite this clear statement to Plaintiff that a second appeal was not needed, Defendant claims that this letter cannot alter the underlying contract, which requires two appeals. Deft's Mem. of Law (Dkt. No. 7) at 2-3. In contrast, Plaintiff argues that the underlying contract does not indicate that two appeals are required before a plan participant can file an ERISA claim before a court and that Defendant should be bound, contractually or through estoppel, to the representations in its correspondence. Plntf's Mem. of Law (Dkt. No. 5) at 2.

The relevant section of the written policy describes the process for appealing adverse determinations. Written Policy (Dkt. No. 3, Ex. B) at 34-36. The language of the written policy does not state explicitly that two appeals to Defendant are required before suit can be filed. The policy contains two references to a plan participant's ability to file suit under ERISA.

Firstly, the policy states that, if a plan participant appeals a claim denial and the claim is denied on appeal, the participant will receive a written notification "written in a manner calculated to be understood by the applicant," which will include "a statement describing any appeals procedures offered by the plan, and [the plan participant's] right to bring a civil suit under ERISA." Id. at 34.

Secondly, the policy states that if a plan participant chooses "to initiate a lawsuit without submitting to a third level of appeal, the plan waives any right to assert that [the plan participant] failed to exhaust administrative remedies." Id. at 36.

Defendant argues that this second statement indicates that filing a lawsuit without submitting to a *second* level of appeal equals a failure to exhaust administrative remedies. Even if this was a reasonable inference from the written policy as a whole, all reasonable inferences must be construed in the *Plaintiff's* favor at this stage of the case. Plaintiff's interpretation of the written policy is, at

3

minimum, reasonable, as is his argument that Defendant must be held to the terms of the June 28, 2005 letter. See Paese v. Hartford Life Accident Ins. Co., 449 F.3d 435, 445, 447 (2d Cir. 2006) (holding that an ERISA claimant's failure to exhaust administrative remedies is an affirmative defense, subject to equitable considerations, such as estoppel and waiver). Accordingly, Defendant has failed to establish that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hernandez v. Coughlin, 18 F.3d at 136.

    C.    Preemption

Defendant also argues that Plaintiff's breach of contract claim must be dismissed, because such a claim is preempted under ERISA. Deft's Mem. of Law (Dkt. No. 3, Attach. 3) at 4. However, Plaintiff has abandoned his breach of contract claim and seeks to move forward on the ERISA claim only. Plntf's Mem. of Law (Dkt. No. 5) at 3. Since the breach of contract claim is abandoned, Defendant's Motion for dismissal of this claim is now moot.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:    July 09, 2007
              Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge